Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL GOBIERNO MUNICIPAL AUTÓNOMO DE BAYAMÓN<br><br>Apelada<br><br>v.<br><br>SOBEIDA DE LOS ÁNGELES BLANCO MARTÍNEZ, ADÁN CHRISTIAN MONTALVO LÓPEZ Y OTROS<br><br>Apelantes | TA2026AP00427 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2026CV00007<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) |

Panel integrado por su presidente, el Juez Rodríguez Casillas,[1] el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2026.

Comparece Adán Christian Montalvo López, por sí y en representación *de su participación* en la sociedad legal de gananciales compuesta por su persona y por la señora Sobeida de los Ángeles Blanco Martínez (en adelante, apelante), mediante un recurso de apelación, para solicitarnos la revisión de la *Sentencia* emitida y notificada el 27 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[2] Mediante la *Sentencia* apelada, el foro de instancia declaró *Ha Lugar* una demanda presentada por la parte aquí apelada. En consecuencia, expidió un interdicto permanente, por lo que ordenó: (i) la remoción y/o demolición de un apartamento edificado sin permiso; (ii) devolver la estructura a su estado original; (iii) cesar de inmediato el

---

[1] Mediante Orden Administrativa OATA-2026-044 del 4 de mayo de 2026, se designó al Hon. Roberto Rodríguez Casillas para entender y votar en el caso de epígrafe en sustitución de la Hon. Laura Ivette Ortiz Flores, por esta haber dejado de ejercer funciones como Jueza del Tribunal de Apelaciones.
[2] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 20.

uso del apartamento, y (iv) eliminar de inmediato las ventanas o huecos instalados a menos de la distancia mínima permitida por ley. Además, impuso la suma de $1,000.00 dólares por concepto de honorarios de abogado.

Por los fundamentos que expondremos, se *revoca* la *Sentencia* apelada.

I

El presente caso inició, el 3 de enero de 2026, cuando el Gobierno Municipal Autónomo de Bayamón (Municipio o parte apelada) interpuso una *Demanda* jurada sobre interdicto estatutario contra la señora Sobeida de los Ángeles Blanco Martínez (señora Blanco Martínez), el apelante y la sociedad legal de gananciales compuesta por ambos.[3]. Adujo que la señora Blanco Martínez y el apelante ostentaban la posesión de un inmueble localizado en la urbanización Villa Contessa en Bayamón, Puerto Rico, en cual realizó obras de construcción y operó un uso de apartamento sin haber obtenido los permisos correspondientes. Por otro lado, alegó que en el referido inmueble se instalaron ventanas a menos de la distancia mínima permitida por la reglamentación aplicable. A tenor, solicitó que se le ordenara a dicha parte a: (i) demoler y remover inmediatamente lo edificado en la propiedad sin permisos y devolver la estructura a su estado original; (ii) eliminar las ventanas instaladas a menos de la distancia mínima permitida, y (iii) detener el uso de apartamento. Además, peticionó que se le condenara al pago de costas, gastos y honorarios de abogado.

Subsiguientemente, el 7 de enero de 2026 el foro de instancia emitió dos (2) órdenes con citación de vista para el 20 de enero de 2026, una para cada uno de los codemandados.[4] Luego, el 16 de enero de 2026, el Municipio presentó un escrito para acreditar el

---

[3] SUMAC TPI, a la Entrada Núm. 1.
[4] *Íd.,* a las Entradas 2 y 3.

diligenciamiento de las órdenes con citación para vista.[5]. En respuesta, mediante *Orden*, notificada el 20 de enero de 2026, el tribunal *a quo* dio por cumplido el proceso de diligenciamiento de las citaciones para vista.[6]

Así las cosas, el 20 de enero de 2026, se celebró la vista sobre interdicto preliminar. A esta vista compareció de forma virtual el Municipio mientras que, el apelante y la señora Blanco Martínez lo hicieron de forma presencial. Durante la vista se dispuso a transferir la misma para el 13 de febrero de 2026, de forma tal que el apelante y la señora Blanco Martínez comparecieran con abogado.[7]

Posteriormente, la vista calendarizada para el 13 de febrero de 2026 fue transferida para el 3 de marzo de 2026, a solicitud del Municipio, mediante *Orden* emitida y notificada el 12 de febrero de 2026.[8]

Al día siguiente, el 13 de febrero de 2026, compareció el apelante mediante *Moción asumiendo representación legal, contestaci[ó]n a demanda y solicitud de desestimación*.[9] En esta, negó algunas de alegaciones de la *Demanda* y aceptó otras. Por otra parte, peticionó que se desestimara la *Demanda*, por razón de que la parte apelada no había suplido documento alguno que apoyara su interés en el caso. Además, solicitó que se aceptara como su representante legal al Licenciado Roberto Rodríguez Cintrón (Lcdo. Rodríguez Cintrón).

En respuesta, mediante *Resolución y Orden*, emitida el 13 de febrero de 2026, notificada 17 del mismo mes y año, el foro de instancia **admitió al representante legal del apelante** y aceptó la contestación a demanda.[10] Por otro lado, declaró *No Ha Lugar* la

---

[5] SUMAC TPI, a la Entrada Núm. 4.
[6] *Íd.*, a la Entrada Núm. 5.
[7] *Íd.*, a la Entrada Núm. 6.
[8] *Íd.*, a la Entrada Núm. 10.
[9] *Íd.*, a la Entrada Núm. 12. Este escrito no fue notificado a la señora Blanco Martínez.
[10] *Íd.*, a la Entrada Núm. 14.

solicitud de desestimación y dispuso que las partes tendrían durante la vista la oportunidad de presentar evidencia sobre sus alegaciones y defensas de forma tal que se pudiese adjudicar la controversia en sus méritos.[11]

Nuevamente, mediante *Orden*, emitida el 25 de febrero de 2025, notificada el 26 del mismo mes y año, el tribunal de instancia reseñaló la vista a solicitud del Municipio, esta vez para el 25 de marzo de 2026.[12]. Conviene mencionar que ninguna de estas órdenes le fue notificada a la señora Blanco Martínez, quien se representaba por derecho propio.

De ahí, el 17 de marzo de 2026, compareció el Municipio para presentar una *Moción anunciando testigo y prueba documental*.[13]

Luego, el 25 de marzo de 2026, se celebró el juicio en su fondo.[14] A la vista compareció la parte apelada. Compareció, además, el apelante, no así la señora Blanco Martínez. Dada su incomparecencia, el foro de instancia procedió a anotarle la rebeldía previo a iniciar la vista en su fondo. Durante la vista, el foro de instancia recibió prueba testimonial y documental de la parte apelada. Por otro lado, según se desprende, el apelante no presentó prueba y dio el asunto por sometido cuando culminó la prueba del Municipio.

Producto de la vista celebrada, el 27 de marzo de 2026, el foro de instancia emitió y notificó la *Sentencia* objeto de este recurso.[15] Como parte del dictamen apelado, el tribunal *a quo* emitió diez (10) determinaciones de hechos, las cuales incorporamos por referencia e incluyó sus conclusiones de derecho. A tenor, declaró *Ha Lugar* la demanda sobre interdicto. En consecuencia, expidió un interdicto

---

[11] SUMAC TPI, a la Entrada Núm. 14. La *Resolución y Orden* no le fue notificada a la señora Blanco Martínez.
[12] *Íd.*, a las Entradas Núm. 16 y 17.
[13] *Íd.*, a la Entrada Núm. 18. No se desprende que se le hubiese notificado este escrito a la señora Blanco Martínez.
[14] *Íd.*, a la Entrada Núm. 21.
[15] *Íd.*, a la Entrada Núm. 20.

permanente, por lo que ordenó: (i) la remoción y/o demolición de un apartamento edificado sin permiso; (ii) devolver la estructura a su estado original; (iii) cesar de inmediato el uso del apartamento, y (iv) eliminar de inmediato las ventanas o huecos instalados a menos de la distancia mínima permitida por ley. Además, impuso la suma de $1,000.00 dólares por concepto de honorarios de abogado.

En desacuerdo con lo resuelto, el 27 de abril de 2026, el apelante compareció mediante un recurso de apelación en el cual esbozó los siguientes doce (12) señalamientos de error:

> **Primer error**: Erró el Tribunal de Primera Instancia al asumir y ejercer jurisdicción sobre el caso de epígrafe pese a que la causa de acción no era una propiamente comprendida en el alcance del Art. 14.1 de la Ley 161-2009, toda vez que las obras impugnadas son anteriores a la adquisición de la propiedad por los apelantes y a la vigencia del Reglamento Conjunto invocado, configurándose una falta de legitimación activa y de causa de acción.
>
> **Segundo error**: Erró el Tribunal de Primera Instancia al inobservar el término imperativo del Art. 14.1 in fine de la Ley 161-2009, que ordena la celebración de vista dentro de diez (10) días naturales y la emisión de sentencia dentro de veinte (20) días naturales, con las consecuencias jurisdiccionales que ello acarrea sobre la totalidad del procedimiento.
>
> **Tercer error**: Erró el Tribunal de Primera Instancia al adjudicar la controversia sin la presencia de partes indispensables, como lo son entre otras agencias o entidades públicas: LUMA Energy LLC, Autoridad de Acueductos y Alcantarillados, Municipio Autónomo de Bayamón en su capacidad recaudadora y los herederos sucesorales de la querellante original, doña Carmen L. Nieves, todo ello en violación de la Regla 16 de Procedimiento Civil.
>
> **Cuarto error**: Erró el Tribunal de Primera Instancia al adjudicar el caso sin que el Municipio agotara primero el procedimiento administrativo dispuesto por su propia reglamentación interna, infringiéndose las doctrinas de agotamiento de remedios administrativos y de jurisdicción primaria exclusiva.
>
> **Quinto error**: Erró el Tribunal de Primera Instancia al desconocer la personalidad jurídica diferenciada de los tres codemandados, a saber: dos personas naturales y la sociedad legal de gananciales como persona jurídica autónoma, y al imponer al licenciado Roberto Rodríguez Cintrón la representación legal forzada de la sociedad y de la codemandada Sobeida de los Ángeles Blanco Martínez, en violación del derecho a contratar libremente la representación profesional, de los privilegios evidenciarios personalísimos preservados por las Reglas 504 y 505 de

Evidencia, y del derecho constitucional federal a la asistencia letrada de elección reconocido en *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006).

**Sexto error:** Erró el Tribunal de Primera Instancia al anotar la rebeldía a la codemandada Sobeida de los Ángeles Blanco Martínez sin que se hubiese cumplido con las garantías mínimas del debido proceso de ley, particularmente con un emplazamiento debidamente diligenciado y notificación efectiva de la vista en su fondo.

**Séptimo error:** Erró el Tribunal de Primera Instancia al denegar la continuación de la vista en su fondo solicitada por justa causa documentada (cita del codemandado), comprometiendo así su derecho fundamental a presentar prueba afirmativa de defensa y al juicio justo e imparcial.

**Octavo error:** Erró el Tribunal de Primera Instancia al admitir prueba documental sin la debida autenticación ni identificación bajo las Reglas 901 y 902 de Evidencia, particularmente fotografías obtenidas mediante Google Earth, comunicaciones cuya firma no fue identificada por testigo alguno con conocimiento personal y memorandos preparados por personas no anunciadas como testigos.

**Noveno error:** Erró el Tribunal de Primera Instancia al apreciar la prueba de manera contraria a derecho, ignorando la admisión de los apelantes de que adquirieron la propiedad en su estado actual en el año 2013 y desechando arbitrariamente las admisiones del propio testigo del Municipio en cuanto a las limitaciones temporales del Single Business Portal.

**Décimo error:** Erró el Tribunal de Primera Instancia al hacer determinaciones de hecho tendentes a presentar la conducta procesal del codemandado como culposa, comprometiendo así su deber de objetividad e imparcialidad en violación del Canon 20 de Ética Judicial.

**Undécimo error:** Erró el Tribunal de Primera Instancia al privar al apelante de su propiedad mediante orden de demolición sin las garantías sustantivas y procesales del debido proceso de ley reconocidas en la Quinta y Decimocuarta Enmiendas de la Constitución de los Estados Unidos y en la Sec. 7 del Art. II de la Constitución de Puerto Rico.

**Duodécimo error:** Erró el Tribunal de Primera Instancia al imponer honorarios de abogado por la suma de $1,000.00 sin la fundamentación específica que exige el Art. 14.1 de la Ley 161-2009 cuando se trata de imposición unilateral, y sin oportunidad de defensa contra dicha pena pecuniaria.

Mediante *Resolución* emitida el 28 de abril de 2026, concedimos a la parte apelada hasta el 7 de mayo de 2026, para presentar su alegato en oposición. Luego, mediante *Resolución* emitida el 5 de mayo de 2026, le concedimos una prórroga hasta el

11 de mayo de 2026, para cumplir con lo ordenado. El 11 de mayo de 2026, compareció la parte recurrida mediante *Alegato de la parte apelada.* Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

### A. La Notificación Adecuada

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[16] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos,[17] garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía procesal funciona de dos (2) vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo".[18] Para garantizar las exigencias mínimas del debido proceso de ley, todo procedimiento adversativo debe satisfacer lo siguiente: (i) notificación adecuada del proceso; (ii) proceso ante un juez imparcial; (iii) oportunidad de ser oído; (iv) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (v) asistencia de abogado, y (vi) que la decisión se base en la evidencia presentada y admitida en el juicio.[19] A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo.[20]

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal.[21] Sobre este

---

[16] CONST. PR, Art. II, Sec. 7.
[17] CONST. EE. UU., Emda. V y XIV.
[18] *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987).
[19] *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, a la pág. 889.
[20] *Rivera Santiago v. Srio. de Hacienda,*119 DPR 265, 274 (1987).
[21] *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010).

particular, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso.[22] Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[23]

### B. Las Directrices Administrativas del SUMAC

Las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo (Directrices Administrativas del SUMAC), "[rigen] la presentación, la notificación y la tramitación electrónica de los escritos que formen parte de los procesos judiciales, a nivel de primera instancia y a nivel de los foros apelativos [. . .]".[24] Asimismo, estas directrices, regulan las responsabilidades y deberes de los abogados en el SUMAC.[25]

Sobre las notificaciones electrónicas, las referidas directrices disponen que "[l]a presentación electrónica de un escrito constituirá la notificación que debe efectuarse entre abogados y abogadas y entre partes, según disponen las Reglas de Procedimiento Civil y las Reglas de Procedimiento Criminal, siempre y cuando hayan comparecido al caso".[26] A tales efectos, una vez se presente un documento en el SUMAC, conforme al procedimiento establecido en las Directrices, "se generará una notificación electrónica del documento presentado a las abogadas y abogados registrados en el caso y los y las litigantes por derecho propio con correo electrónico registrado en el sistema".[27]

---

[22] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[23] *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015).
[24] Sección III de las Directrices Administrativas del SUMAC, aprobadas mediante la OAJP-2013-173 de 10 de enero de 2014, según enmendadas.
[25] *Íd.*
[26] *Íd.*, Sección IX (5).
[27] *Íd.*

Ahora bien, "será deber del abogado o de la abogada presentante notificar todo escrito que presente en el SUMAC a la dirección que haya consignado la parte en el expediente para fines de notificación, de no haber sido notificado a través del sistema".[28] A esos fines, "el sistema emite una notificación entre partes que permite corroborar las partes notificadas a través de la plataforma electrónica y la dirección de correo electrónico al que se envió el documento".[29]

## III

En el caso ante nuestra consideración, el tribunal de instancia, luego de celebrar el juicio en su fondo, dispuso declarar *Ha Lugar* la solicitud de interdicto presentada por la parte apelada. Tras haber quedado inconforme con el resultado del caso, el apelante acudió ante esta Curia mediante un recurso apelativo, cuestionando una serie de errores los cuales ya hemos reseñado. Ahora bien, luego de haber estudiado con detenimiento la totalidad de los autos ante nuestra consideración, colegimos que por el curso que hemos decidido, se hace innecesario discutir la totalidad de los errores, por lo cual nos circunscribiremos a los específicos para fundamentar nuestro dictamen.

Particularmente, nos enfocaremos en la comisión por parte del foro primario del quinto y el sexto señalamiento de error esgrimido por la parte apelante. En estos plantea, por una parte, que el tribunal de instancia incidió al ignorar la personalidad jurídica autónoma de los tres (3) codemandados; entiéndase, Adán Christian Montalvo López (señor Montalvo López), la señora Blanco Martínez y la sociedad legal de ganancial compuesta por ambos. Mientras que, por otro lado, arguye que el referido foro incidió al anotarle la

---

[28] Sección IX (6) de las Directrices Administrativas del SUMAC, *supra.*
[29] *Íd.*

rebeldía a la señora Blanco Martínez, sin que antes se hubiera cumplido con las exigencias mínimas del debido proceso de ley.

Al revisar los autos, es de ver que la parte demandada del título está compuesta por el señor Montalvo López, la señora Blanco Martínez y la sociedad legal compuesta por ambos. Presentada la *Demanda*, el tribunal de instancia procedió a emitir una citación para vista para cada uno de los codemandados. Los codemandados comparecieron de forma presencial a la vista, mientras que la parte apelada compareció de forma virtual. La vista fue reseñalada para una fecha posterior, de forma tal que el señor Montalvo López y la señora Blanco Martínez pudiesen comparecer con representación legal. De ahí, el apelante anunció representación legal y junto a su escrito, contestó la *Demanda* y solicitó la desestimación del caso. La señora Blanco Martínez no anunció representación legal. Entonces, a partir de la presentación de ese escrito se suscitaron ciertos eventos los cuales, desencadenaron en los fundamentos por los cuales hoy esta Curia deba revocar la *Sentencia* apelada. Elaboramos.

A este Tribunal le queda claro en que al momento en que el Lcdo. Rodríguez Cintrón asumió la representación legal del apelante y su participación en la sociedad legal de gananciales, compuesta con la señora Blanco Martínez, **no** asumió la representación legal de esta última, por lo que esta, siempre estuvo representada por derecho propio. Sabido es que en el primer escrito que presente el abogado o abogada, deberá notificar quién es la persona que representa.[30] Mediante el escrito intitulado *Moción asumiendo representación legal, contestaci[ó]n a demanda y solicitud de desestimación* se indicó que "[l]a Parte Demandada, le [había] referido al abogado que suscribe el caso de epígrafe, para que asuma

---

[30] Véase Regla 9 de Procedimiento Civil, 32 LPRA Ap. V, R. 2.

su representación y para su atención correspondiente".[31] Quien único compareció como parte demanda en este escrito fue Adán Christian Montalvo López, no así la señora Blanco Martínez. En consideración a lo anterior, y tomando en cuenta lo estatuido en el derecho vigente, no podemos de ninguna manera concluir que el Lcdo. Rodríguez Cintrón asumió la representación legal de la señora Blanco Martínez.

Fue a partir de la radicación de ese escrito, que la señora Blanco Martínez comenzó a ser preterida de todo el proceso judicial, empero, se le notificó la *Sentencia* apelada. Así, pues, la moción mediante la cual se asumió representación legal del apelante, se contestó la demanda y se solicitó la desestimación no le fue notificada a través del SUMAC TPI, ni el apelante acreditó haberle notificado de otra forma su escrito a la señora Blanco Martínez. Peor aún, en toda notificación posterior por parte del foro apelado, así como en los escritos presentados por la representación legal del Municipio, también fue preterida. Lo anterior incluye las órdenes mediante las cuales se transfirió el juicio en su fondo.

En vista de lo anterior, coincidimos en que el foro de instancia erró al anotarle la rebeldía a la señora Blanco Martínez en corte abierta y celebrar el juicio en su fondo, sin esta haber estado adecuadamente notificada. Más aún, incidió el tribunal apelado cuando razonó que tanto el apelante como la señora Blanco Martínez y su participación en la sociedad legal de gananciales compuesta por ambos gozaban de la misma representación legal. Según expusimos en nuestra exposición doctrinal, la notificación adecuada es una de las garantías mínimas que exige el debido proceso de ley.[32] Siendo así, nuestro Alto foro ha sido constante en expresar que la incorrecta notificación atenta contra los derechos de las partes,

---

[31] SUMAC TPI, a la Entrada Núm. 12, pág. 1.
[32] *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, a la pág. 889.

dado a que les priva de cuestionar el dictamen emitido y le causa demoras e impedimentos en el proceso.[33]

Por otra parte, es menester resaltar que, aunque el SUMAC generará una notificación electrónica de los documentos presentados por los abogados registrados en el caso, así como los litigantes por derecho propio, con correo electrónico registrado en el sistema,[34] es deber de todo abogado informar todo escrito que no notificó de la manera correspondiente.[35] Para esto, se emite un volante de notificación que permite corroborar las partes notificadas a través de la plataforma electrónica y la dirección de correo electrónico al que se envió el documento.[36] De manera que, no hay excusa para haber preterido de las notificaciones a la señora Blanco Martínez.

Por último, conviene recordar que el Tribunal debe mantener especial atención al cumplimiento con las reglas procesales y las directrices administrativas sobre notificación, pues, como bien expusimos, ello asegura el debido proceso de ley que ampara a las partes. Además, la supervisión constante de la Secretaría del Tribunal, al momento de notificar las determinaciones judiciales, resulta esencial para evitar que situaciones como la antes descrita se repitan. De esta manera, se promueve una gestión más eficiente y se evita la duplicación de esfuerzos y gastos innecesarios.

En mérito de todo lo antes expuesto, nos es forzoso concluir que el sexto y quinto error esbozado por el apelante se cometieron, por lo cual procede revocar la *Sentencia* apelada. En consecuencia, se deja sin efecto la anotación de rebeldía de la señora Blanco Martínez, así como que se ordena a la representación legal de la parte apelada y a la representación legal del Municipio, así como al

---

[33] *Berríos Fernández v. Vázquez Botet*, supra, a las págs. 250-251.
[34] Sección IX (5) de las Directrices Administrativas del SUMAC, *supra.*
[35] *Íd.*, Sección IX (6).
[36] *Íd.*

tribunal de primera instancia a notificarle de todo escrito, resolución u orden de la cual haya sido preterida. Una vez notificada, se exhorta a que se señale el juicio en su fondo para la fecha más próxima, de forma que lo sucedido no sea impedimento para impartir la justicia en este caso. Más aún cuando, como bien se sabe, el recurso de *injunction* es un remedio extraordinario que procura la expedición de un mandamiento judicial que le exige a una persona a actuar o le prohíbe realizar determinada conducta que infringe o perjudica los derechos de otra.[37]

### IV

Por los fundamentos que anteceden, se *revoca* la *Sentencia* apelada. A tenor, se devuelve el caso al foro de instancia para la continuación de los procedimientos en armonía a lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[37] Artículo 675 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3421; *E.L.A. v. Asoc. de Auditores*, 147 DPR 669, 679 (1999).